■ SUZANNE W. HAND, as Preliminary Executrix of MARION MAZULA, Deceased, Appellant, v ADAM KRAKOWSKI et al., Defendants, and CONDO'S PHARMACY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered June 26, 1981 in Clinton County, which, *inter alia,* granted the motion of defendant Condo's Pharmacy for summary judgment dismissing the complaint. From 1971 until 1977, employees of defendant Condo's Pharmacy (Condo) dispensed certain psychotropic drugs to Marion Mazula, plaintiff's decedent, pursuant to signed prescriptions issued by Drs. Krakowski and Likhite, who are defendants in the action but not involved in the subject motion. It is undisputed that defendants knew that Mazula was an alcoholic during this period. On December 6, 1977, Mazula died at age 55. The autopsy report stated that the cause of death was pancreatitis associated with a severe degree of cirrhosis. Subsequent to the commencement of an action by the preliminary executrix against the doctors, Condo and Kinney Rexall Drugs (Kinney), but before noticed examinations before trial were held or depositions of Condo's employees were taken, Condo moved for summary judgment dismissing the complaint and Kinney's cross claim. The motion was granted and this appeal by decedent's executrix ensued. We reverse that portion of the order which dismissed the complaint against Condo. Initially, we must deal with the issue raised by Condo concerning the adequacy of plaintiff's papers in opposition to the motion for summary judgment. Since the motion was made prior to any disclosure being conducted and the affirmation of plaintiff's attorney attests that the requisite opposing facts may exist (see Siegel, New York Practice, § 281, p 339), we decline to affirm the order of Special Term on

the basis of plaintiff's failure to make a sufficient evidentiary showing (see CPLR 3212, subd [f]). The standard of care which is imposed on a pharmacist is generally described as ordinary care in the conduct of his business. The rule of ordinary care as applied to the business of a druggist means the highest practicable degree of prudence, thoughtfulness and vigilance commensurate with the dangers involved and the consequences which may attend inattention (17 NY Jur, Drugs and Cosmetics, § 60, p 183). Here, the decedent's pharmaceutical records identified her as an "alcoholic". Yet, Condo, during the 10-month period preceding decedent's death, issued to her 728 units of psychotropic drugs knowing that such opiates are contraindicated with the use of alcohol. "[A] 'contraindication' refers to a circumstance under which the drug must never be given. It is absolute and admits of no exceptions" (*Baker v St. Agnes Hosp.*, 70 AD2d 400, 402). Such conduct, in our view, could be found to constitute a breach of a druggist's duty of ordinary care in that it knowingly ignores the danger and consequences of ingestion by an alcoholic of prescription drugs commonly recognized to be contraindicated. Defendant Condo's reliance on *Bichler v Willing* (58 AD2d 331) is misplaced. *Bichler,* so far as is relevant here,[*] dismissed plaintiff's negligence cause of action because the pharmacist filled a single prescription precisely as ordered by plaintiff's physician and, under the facts present there, had no duty either to test or inspect the drug or warn the pregnant plaintiff that the drug might be harmful. Here, Condo knew that the decedent was alcoholic and knew, or should have known, that the prescribed drugs were contraindicated and, therefore, extremely dangerous to the well-being of its customer. Clearly, under these circumstances, the dispensing druggist may have had a duty to warn decedent of the grave danger involved and to inquire of the prescribing doctors if such drugs should not be discontinued. Since the interrelationship between prescribing physicians and pharmacists is highly professional and rests upon a comprehension of the intricate compounds that make up a narcotic drug, we cannot exclude the possibility that trial testimony of the defendant doctors and druggists might not justify the use of the prescribed drugs in this case. Accordingly, the case in its present posture does not lend itself to summary disposition. Order modified, on the law, by reversing so much thereof as granted defendant Condo's Pharmacy's motion for summary judgment against plaintiff, and motion denied without prejudice to renewal upon completion of disclosure, and, as so modified, affirmed, with costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

---

[*] *Bichler v Willing* (*supra*) also dealt with causes of action for breach of actual and implied warranties as well as an action in strict products liability, actions not pleaded in the case at bar.