449 So.2d 696 (1984)
Larry E. KINNEY
v.
Wanda HUTCHINSON, et al.
No. 83-CA-709.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1984.
*697 Wayne W. Yuspeh, Wayne W. Yuspeh, P.C., Metairie, for plaintiff-appellant.
James J. Morse, Law Offices of James J. Morse, New Orleans, for defendants-appellees.
Before CHEHARDY, CURRAULT and GRISBAUM, JJ.
CURRAULT, Judge.
This appeal arises from a summary judgment granted to defendant, Walgreen Louisiana Company d/b/a Walgreen's Drug Stores (Walgreen's), dismissing plaintiff's, Larry E. Kinney's, suit against Walgreen's.
The facts reveal that Mr. Kinney filed suit on November 29, 1979 in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against defendant, Wanda Hutchinson, to recover for severe injuries and damages stemming from his being shot by defendant Hutchinson on or about September 11, 1979. It was alleged that plaintiff was shot by Hutchinson due to her consuming a combination of alcohol and the drug Preludin. In addition to defendant Hutchinson, plaintiff sued Walgreen's, alleging that Walgreen's, which filled the prescription for Preludin, was negligent in that they:
"Failed to adequately disclose, warn or inform her of proper use of said drug; and failed to warn, disclose or inform her of possible adverse effects and dangers of said drugs of combinations (sic) and failed to use care in ascertaining the effects, warnings and contraindications for use of said medications including Preludin or to disclose them to defendant, Wanda Hutchinson, and said actions and inactions were a contributing cause of the injuries and damages sustained to petitioner herein."
Plaintiff also named as defendants Hutchinson's prescribing physician, Dr. D. Thomas O'Quinn, and the manufacturer of the drug Preludin, Boehringer Ingelheim, Ltd., asserting similar allegations against those parties.
Walgreen's moved for and was granted summary judgment on April 5, 1983, without written reasons by the trial judge.
Plaintiff, Larry Kinney, thereafter perfected this appeal of that judgment assigning the following as error:
The district court erred in granting defendant's motion for summary judgment as there were numerous issues of material fact.
LSA-C.C.P. Article 966 provides in pertinent part that:
"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
The courts favor a trial on the merits; however, "a motion for summary judgment must be granted when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court." Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). Assuming facts in favor of plaintiff, the crucial question is whether reasonable minds might conclude that defendant breached a duty. Sanders, supra, at page 775. On the other hand, where there are contradictions on factual issues, and affidavits state conclusions of law rather than evidentiary facts, a party is not entitled to summary judgment. Thompson v. South Central Bell Telephone Co., 411 So.2d 26 (La.1982). Any doubt concerning a dispute as to a material fact must be resolved against the granting of a motion *698 for summary judgment. Pennington v. F.G. Sullivan, Jr. Contractors, Inc. et al., 416 So.2d 192 (La.App. 1st Cir.1982). Furthermore, a mere belief that a litigant is unlikely to prevail upon the merits is not a sufficient basis to warrant the rendition of summary judgment and thus deprive the litigant of a trial. The function of the court is not to determine merits or issues, but rather to determine whether there is genuine issue of material fact. Laufer v. Touro Infirmary, et al., 334 So.2d 541 (La.App. 4th Cir.1976).
In this case, the aforementioned facts are not disputed by Walgreen's; and, in brief to this court, Walgreen's admitted the fact that the pharmacist did not warn Wanda Hutchinson of the effects of mixing alcohol and Preludin. Coupled with the argument that a pharmacist is under no duty to warn customers of the effects of drugs, appellee, Walgreen's, asserts summary judgment was properly granted. Appellant, on the other hand, recites for the court numerous factual questions which, it is argued, constitute genuine issues of material facts. Without delineating those issues in detail, it suffices to say that our review indicates that the factual questions raised by appellant are unrelated to the material issue of the failure of Walgreen's to warn Wanda Hutchinson, which fact is admitted by appellee.
The question remaining then is whether mover, Walgreen's, is entitled to a judgment as a matter of law.
In the recent case of Cobb v. Syntax Laboratories, Inc., et al., 444 So.2d 203 (La.App. 1st Cir.1983), plaintiff suffered a stroke from taking oral contraceptives. Summary judgment was granted to both the manufacturer of the pills and the drugstore which sold the pills. The First Circuit Court affirmed finding no duty on either the manufacturer or the pharmacy to warn consumers directly of adverse effects of a particular drug. Citing Timm v. Upjohn Company, 624 F.2d 536, 538 (5th Cir.1980), cert. denied, 449 U.S. 1112, 101 S.Ct. 921, 66 L.Ed.2d 840 (1981), the court held that the burden to warn of a prescription drug's adverse effects is placed upon the prescribing physician. Where the manufacturer has informed the prescribing physician of the risks and benefits, the manufacturer is relieved of a duty to warn since the physician is the informed intermediary between the manufacturer and patient. See Stanback v. Parke, Davis and Company, 657 F.2d 642 (4th Cir.1981). The holding in Cobb, supra, included and extended this analysis of liability to the pharmacist as well as to the manufacturer.[1] We agree and therefore hold that the motion for summary judgment was properly granted since reasonable minds must inevitably conclude that mover is entitled to judgment based on the undisputed facts before this court. Sanders, supra.
For the foregoing reasons, after a review of the law and evidence, the judgment granting the summary judgment is hereby affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] We are aware of only one other case in which the question of a pharmacist's duty to warn the consumer was placed squarely at issue. In that case, Hand v. Krakowski, 89 A.D.2d 650, 453 N.Y.S.2d 121 (3d Dept.1982), the New York Court found a druggist potentially liable for failure to warn a customer of the possible side effects of taking the drug with alcohol, where it was shown that the druggist knew the customer personally, knew he was an alcoholic, and knew the drug in question was contraindicated for alcoholics. That case is significantly distinguishable on its facts from the case before us, but is noted as a matter of interest due to the paucity of jurisprudence on this issue.