DUFRESNE, Judge.
Plaintiff, E.C. Durr Heavy Equipment, Inc., devolutively appeals the trial court’s decision granting summary judgment in favor of the defendant, National Tea Co.
National is the owner of various parcels of real estate located in Jefferson and St. Bernard Parishes. National, together with Red Stick Construction Company, Inc., a general contractor, with whom National had contracted for improvements on its properties, were made defendants in this lawsuit for alleged cost of work performed by Durr. The defendants executed two separate contracts covering the proposed work, one for the Jefferson Parish property, and the other for work on the property in St. Bernard Parish. Neither contract was recorded nor bond required of the general contractor. The construction contracts for Jefferson and St. Bernard were signed on October 21, 1985, naming Hastings & Chivetta Architects, Inc., as project architects.
Language contained in Article IV of both contracts required substantial completion of the work within “300 consecutive calendar days” from October 21, 1985. Red Stick executed several sub-contracts for both projects and Durr was contracted to complete various site improvements in Jefferson and St. Bernard. The sub-contracts stipulated completion date for the Jefferson project on September 21, 1986, and for St. Bernard on December 19, 1986.
National alleges that the Jefferson project, including building and site improvements were substantially completed and occupied by the owner, with the public opening of its new store on October 6, 1986. However, in St. Bernard, the proposed building was never built, only certain site improvements were completed on the raw land. The primary improvement was the completion of a main entry drive which was open to vehicular traffic and in use on January 19, 1987.
National paid the general contractor, Red Stick, after receiving the architect’s certificates of substantial completion for both projects. After payment, Red Stick failed to pay all of its sub-contractors, one of which was Durr. Because of this failure, Durr sought to record a lien on National’s property in both parishes pursuant to the Louisiana Private Works Act, and thereafter filed this lawsuit to recover an amount allegedly owed on the sub-contract with Red Stick.
National filed its answer and exceptions of no cause of action and prescription based on Durr’s alleged failure to timely file its liens on the projects in Jefferson and St. Bernard Parishes. Additionally, National filed a third-party demand against Red Stick alleging full payment on the executed contract, and Red Stick’s failure to pay its sub-contractor, Durr.
Later, National moved for summary judgment, and in support filed a memorandum and affidavits of the project manager of the architectural firm on both projects and its construction department manager. Durr’s comptroller filed a counter-affidavit. National also filed a supplemental affidavit from its construction department manager with various supporting documents.
Durr stipulated that it had no objection to the court granting a summary judgment relative to the lien on the Jefferson Parish property. Consequently, the trial court granted a partial summary judgment dismissing Durr’s lawsuit and cancelling the lien against the National property in Jefferson Parish. The court granted National’s motions, dismissing National from the lawsuit, and ordering the cancelling of the liens filed against its property in St. Bernard Parish. From this judgment Durr has appealed the cancellation of the St. Bernard lien, arguing there are issues of material fact which preclude summary judgment and require that Durr be given its day in court.
Summary judgment is not a favored procedural tool and should be granted only after careful review of the record. Article *1106 967 of our Code of Civil Procedure provides in pertinent part:
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
Our court has clearly stated that when documents and competent affidavits from the mover which reasonably establishes a sufficient evidentary basis for granting the motion for summary judgment, that sufficiency shifts the burden to the opposing party to present sufficient countervailing evidence that there remains a material fact to be tried on the merits. Jones v. City of Kenner 442 So.2d 1242 (La.App. 5th Cir.1983) and Kinney v. Hutchinson, 449 So. 2d 696 (La.App. 5th Cir.1984).
The record reveals that National filed an affidavit of Bob Beitzel, its construction project manager, that work on both projects in Jefferson and St. Bernard Parishes were completed over 60 days prior to Durr’s filing its materialman’s liens. This affidavit was made on his personal knowledge as the on-site project manager. Similar affidavits were made by the project architect’s representative, Greg Mayer, who signed the certificate of substantial completion and authorized payment of the final construction funds, as per the language in the construction contracts. Mr. Beitzel executed an additional affidavit with exhibits regarding the St. Bernard property, including cross-easement agreements and cancelled checks evidencing completion of work more than 60 days before Durr filed its lien in St. Bernard. Additionally, there is language in the affidavit which states that the St. Bernard site was in use by vehicular traffic which-was possessed and occupied by its owner since January 19, 1987.
Durr filed no motion to strike these affidavits and exhibits, nor did he object to them as incompetent at the hearing or in this appeal. In fact, the record indicates that the only opposition filed by Durr, was an affidavit of its comptroller indicating the last work performed on the St. Bernard property was March 6, 1987. There is no indication of the significant or substantial nature of the work done on March 6, 1987.
Durr argues that the certificate of substantial completion signed by National’s architect, Greg Mayer is a defective document. That this certificate does not meet the statutory requirements of LSA-R.S. 9:4831(C), which provides that when filing a notice of contract, or a notice of termination of work, or a statement of a claim or privilege, such notice must contain a description of the immovable which gives more than merely a street or mailing address. We disagree. For the purposes for which it was intended, the certificate of completion sufficiently describes the St. Bernard parish property. The work was completed and accepted, and National could pay its general contractor.
Furthermore, even if the document was prepared for recordation and was defective, this would only affect public notice of the termination of the work and would not alter the 60 day lien period which Durr had to file its claim or privilege. LSA-R.S. 9:4822(C) provides that the commencement of the 60 day period begins to run from (1) filing of a notice of termination of work or (2) the substantial completion of the work if a notice of termination is not filed. In this case, no notice of termination of work was filed. Furthermore, LSA-R.S. 9:4822(H)(2) in defining “substantial completion” of a work, states that it occurs when the owner accepts, possesses or occupies the immovable even though punch list items may remain undone. The record indicates that Durr’s affidavit attests that the improved St. Bernard Parish property was in use on January 19, 1987, over 60 days prior to Durr’s filing its lien.
After review of this case, we find that National presented sufficient competent ev-identiary documentation upon which the trial court could appropriately conclude that Durr’s lien was not timely filed. The burden shifted to Durr, and he failed to contro *1107 vert such matters and establish that a genuine issue of material fact existed for trial. We find no trial court error.
For the reasons assigned in this opinion, the judgment of the trial court is affirmed.
AFFIRMED.