628 So.2d 256 (1993)
Lynn B. GASSEN
v.
EAST JEFFERSON GENERAL HOSPITAL, et al.
No. 93-CA-541.
Court of Appeal of Louisiana, Fifth Circuit.
December 15, 1993.
Paul Mayeaux, Sidney J. Angelle, Joseph M. Messina, Lobman, Carnahan and Batt, Metairie, for appellees.
James E. Hritz, Metairie, for appellant.
Before KLIEBERT and DUFRESNE, and DALEY, J. Pro Tem.
THOMAS F. DALEY, Judge Pro Tem.
This appeal arises from a suit for damages filed on behalf of plaintiff, Lynn B. Gassen, against defendants, East Jefferson General Hospital, Robin Roe, R.N. and Dr. Thomas O. Adams, D.D.S. Gassen alleges she was incorrectly administered an intramuscular injection of Vibramycin instead of intravenously. She contends she has a mass in the area, suffers pain, swelling and a disability as a result. She alleges the negligence or malpractice of the defendants as well as res ipsa loquitur. East Jefferson filed a third-party demand against third-party defendants/appellees, Allied Pharmacy Service, Inc. and its alleged insurer, North River Insurance Company. East Jefferson asserts Allied filled the order for Vibramycin 100mg intramuscular two times a day without seeking clarification from a nurse or the prescribing doctor. It contends Allied and its insurer are liable *257 to the hospital on the basis of a contract between these parties for indemnity and contribution for loss suffered by the hospital from Allied's negligence. Allied and North River answered alleging that the prescribing doctor was the informed intermediary between the pharmacy and the patient and that it is the doctor who has the legal duty to order and administer the proper prescription.
Allied and North River filed a motion for judgment on the pleadings, or alternatively, for summary judgment. The trial judge granted the motion for summary judgment and dismissed the third party demand. We reverse and remand.
Appellant specifies as error the granting of summary judgment. Allied asserts that its pharmacist filled the order in the proper form, intravenously, by labeling the package as such. East Jefferson alleges this printed information was not provided to the nurse until after the drug was administered.
In support of its motion Allied attached the affidavit of Cecilia Bland. She averred the following:
1. She is the director of Allied ... located on the premises of [the hospital].
2. As director, she is familiar with the procedures which the pharmacy follows in connection with receiving, filling, and dispensing physician orders for prescription drugs.
3. On April 9, 1988, the pharmacy received an order for "Vibramycin 100mg. IM BID," meaning 100 milligrams of Vibramycin intramuscularly twice per day.
4. The pharmacist entered the order as an intravenous ("IV") order and dispensed the subject Vibramycin for intravenous use, as Vibramycin is manufactured only for intravenous use and not intramuscular use, and labeled the package containing the vial of Vibramycin to indicate IV administration.
5. The nursing floor received the subject Vibramycin in the labeled package and, despite instructions thereon that it be administered intravenously, administered it intramuscularly to the plaintiff.
East Jefferson submitted the affidavit of Janice Kishner, RN in which she averred she is the assistant vice-president for medical surgical care and clinical services and the hospital liaison with the pharmacy. She stated she is familiar with the department policy manual for pharmacy services which specifies the procedure for clarifying and amending an order. She avers Allied did not contact the doctor for clarification or communicate any change in the order to the nursing staff. She further avers the pharmacist made a change of the order on the medication administration record which was not available to the nursing staff until the day after the Vibramycin had been administered intramuscularly.
The seminal issue is the legal duty of a pharmacist in filling what he or she knows to be an incorrect administration of a drug. It is after a duty has been established that its scope and the standard of care become a factual question. Walker v. Jack Eckerd Corp.; Karp, 209 Ga.App. 517, 434 S.E.2d 63 (1993).
Allied argues the granting of summary judgment was proper on the basis that the physician not the pharmacist is the responsible party. We find the cases relied upon by Allied to be distinguishable from the instant case and conclude that the pharmacist had a affirmative duty in this case.
In Norton v. Argonaut Insurance Company, 144 So.2d 249 (La.App. 1st Cir.1962) the first circuit considered a case in which a physician and a nurse had been sued in a wrongful death action where a three-month old infant was administered a fatal intramuscular dose of digitalis. The physician's written order for the nurse did not make clear whether it was to be administered orally or intramuscularly. The nurse, who recognized the dosage as a large one, nevertheless administered it intramuscularly. The court concluded the physician was negligent for failing to specify the route of administration. It also found the nurse negligent, imposed a duty on the nurse who had doubts about the prescription to call the prescribing physician for clarification.
Allied's reliance on Norton as a case holding the prescribing physician has the duty to specify the manner in which a drug is to be *258 administered is not directly applicable to this case since no pharmacist was a party in the Norton case. Whether a pharmacist has a duty to clarify a prescription which is incorrect on its face was not before the Norton court.
Allied's reliance on Kinney v. Hutchinson, 449 So.2d 696 (La.App. 5th Cir.1984) is also misplaced. In that case we held the pharmacist had no duty to warn of adverse effects and placed that duty on the prescribing physician as the "informed intermediary between the manufacturer and the patient." Id. at 698. The present case is distinguishable; it is not a case involving a warning of adverse effects. Instead, it is a case in which the prescription was allegedly incorrect on its face.
A duty to warn on the part of the pharmacist was recognized in Hand v. Krakowski, 89 A.D.2d 650, 453 N.Y.S.2d 121 (1982) where the pharmacist had personal knowledge that the customer was an alcoholic and that the prescribed drug was contraindicated.
Allied also relies on the case of Hendricks v. Charity Hosp. of New Orleans, 519 So.2d 163 (La.App. 4th Cir.1987) for the proposition that it is the physician and not the pharmacist who bears the responsibility for a prescription error. In Hendricks the plaintiff sued a physician and a pharmacy for damages caused by a prescription giving an excessive dosage. The pharmacist recognized it was excessive and sent the customer back to the doctor. The doctor did not have the prescription slip and checked the plaintiff's hospital chart. That chart gave the proper dosage. The physician told the plaintiff the dosage was correct but if the pharmacist had a question to call him. The pharmacist tried but couldn't reach him and on the plaintiff's insistence the prescription was said to be correct, the pharmacist filled it.
Without discussing the scope of the duty owed by a pharmacist the Hendricks court evidently concluded the pharmacist had a duty but did not breach that duty when it explained at 166:
When all this testimony is considered, we cannot conclude that the trial judge committed manifest error in finding that Gonzales (the pharmacist) did not breach her duty to plaintiff. This was a close fact call, but one best made by the trial court.
In Hendricks the appellate court found no manifest error in the trial judge's conclusion the pharmacist had taken all the steps she would be expected to when confronted with a mistake. The trial judge found the pharmacist tried to call the mistake to the attention of the hospital personnel and also labeled the bottle to show her concern.
A pharmacist "cannot escape liability in compounding and dispensing poisons in deadly and unusual doses even though the physician's prescription called for such dosage." Peoples Service Drug Stores v. Somerville, 161 Md. 662, 158 A. 12 (1932).
Under both common law and under Louisiana jurisprudence a pharmacist does not have a duty to warn a patient of adverse reactions. Walker, supra; Kinney, supra. However, a duty was imposed on pharmacists by Louisiana courts to fill a prescription correctly. Hayes v. Travelers Ins. Co., 609 So.2d 1084 (La.App. 2nd Cir.1992), writ denied, 613 So.2d 975 (La.1993). Also a duty to the customer when confronted with a prescription giving an excessive dosage has been imposed. Hendricks, supra.
Thus, the Louisiana second and fourth circuits, respectively, impliedly recognize the view enunciated in Riff v. Morgan Pharmacy, 353 Pa.Super. 21, 508 A.2d 1247, 1251 (1986) that the pharmacist is a professional and
more than a warehouse for drugs [or] a shipping clerk who must dutifully and unquestioningly obey the written orders of omniscient physicians.... [emphasis added].
In Riff the court imposed on the pharmacist a duty as follows 508 A.2d at 1252:
to warn the patient or notify the prescribing physician of the obvious inadequacies appearing on the face of the prescription which created a substantial risk of serious harm to the plaintiff.
The prescription in Riff had inadequate instructions as to the maximum dosage. The pharmacist filled the prescriptions whereby the plaintiff was given a toxic dosage.
*259 The Washington Supreme Court, like the Pennsylvania Superior Court in Riff, recognized a limited duty on the part of the pharmacist. McKee v. American Home Products, Corp., 113 Wash.2d 701, 782 P.2d 1045 (1989). The McKee court noted in dicta 782 P.2d at 1055-1056:
In summary, our holding is narrow. The pharmacist still has a duty to accurately fill a prescription, see Annot. Liability of Manufacturer or Seller for Injury Caused by Drug or Medicine Sold, 79 A.L.R.2d 301 (1961), and to be alert for clear errors or mistakes in the prescription. The pharmacist does not, however, have a duty to question a judgment made by the physician as to the propriety of a prescription or to warn customers of the hazardous side effects associated with a drug, either orally or by way of the manufacturer's package insert.
In McKee the pharmacist had been held to have no duty to warn of potential hazards.
Similarly, the Missouri Court of Appeals recognized a duty on the part of a pharmacist to inquire or verify the appropriateness of a prescription when it is irregular on its face. Kampe v. Howard Stark Professional Pharmacy, 841 S.W.2d 223 (Mo.Ct.App.1992).
We hold a pharmacist has a limited duty to inquire or verify from the prescribing physician clear errors or mistakes in the prescription. McKee, supra; Kampe. Accord Hendricks, supra.
Whether the pharmacist in the present case breached that duty is a factual issue. In this regard there are issues of material fact precluding the grant of summary judgment. The affidavits raise issues of credibility since there is a dispute as to whether the pharmacist followed the written hospital policy dealing with drug order clarification. Issues of credibility "have no place in summary judgment procedure." Ouachita Nat. v. Gulf States Land & Dev., 579 So.2d 1115, 1120 (La.App. 2nd Cir.1991), writ denied, 587 So.2d 695 (La.1991). Furthermore, "[i]f the evidence presented is subject to conflicting interpretations, summary judgment is not proper." Quigley v. T.L. James and Co., Inc., 595 So.2d 1235 (La.App. 5th Cir.1992).
Accordingly, for the reasons stated the judgment of April 3, 1993 dismissing East Jefferson's third party demand against Allied and its insurer North River is reversed and judgment is now rendered in favor of East Jefferson denying the motion for judgment on the pleadings or alternatively for summary judgment filed on behalf of Allied and North River. The matter is remanded for further proceedings consistent with the views expressed herein.
REVERSED AND RENDERED; REMANDED.