OPINION OF THE COURT
Louis C. Benza, J.
This timely filed claim alleges negligence on the part of the pharmacist employed at Eastern New York Correctional Facility.
In 1976, Mr. France was diagnosed as having "atopic dermatitis” as a result of an unbalanced oil content, a nervous condition and a vitamin deficiency. This condition causes his skin to dry, crack and scale. Claimant’s skin is very itchy and he is very uncomfortable as a result of the condition. Mr. *1032 France’s doctor has prescribed an ointment consisting of eucerin and hydrocortisone to relieve his discomfort.
Claimant alleges that the correctional facility’s druggist did not refill his prescription for this ointment for the period March 4, 1985 to April 3, 1985, inclusive. Claimant states that he was without any medication for this period due to the negligence of the druggist, who refused to prepare the salve. Claimant suffered discomfort during this period, as his skin dried, cracked and scaled and he was unable to relieve any of his pain without the ointment.
A druggist is one whose business it is to mix, compound and dispense drugs (Black’s Law Dictionary 447 [5th ed 1979]). Failure of a druggist to exercise the standard of care required of him constitutes negligence which renders him liable in damages for injuries which are the proximate result of the negligence (Thomas v Winchester, 6 NY 396). The legal measure of the duty of druggists toward their patrons is ordinary care. The rule of ordinary care as applied to the business of a druggist means the highest practicable degree of prudence, thoughtfulness and vigilance (17 NY Jur, Drugs and Cosmetics, § 60; Willson v Faxon, Williams & Faxon, 208 NY 108).
It was the druggist’s job to mix and dispense the salve as prescribed by claimant’s doctor. Claimant, as an inmate, was confined to the prison and was not at liberty to take his business to another druggist. He was dependent upon this druggist. The documentary evidence presented at trial shows that the prescription was not filled; then, subsequently, on April 3, 1985, it was filled. By failing to provide claimant with this medication for one month he did not meet the requisite level of care for a druggist; therefore, he was negligent. The State failed to present any evidence explaining why the druggist refused to fill the prescription. As an employee of the State, the State is answerable in damages for the druggist’s negligence.
Upon consideration of all the evidence, the court awards the claimant $450 for the discomfort he was subjected to endure as a result of not receiving his medication.