**Joaquin HEREDIA, Plaintiff,**

v.

**James L. JOHNSON, M.D., Roger A. Jones, M.D., Payless Drug Stores Northwest, Inc. and Burroughs Wellcome Co., Defendants.**

**No. CV–N–92–308–ECR.**

United States District Court, D. Nevada.

Aug. 10, 1993.

---

Harold K. Tummel, Tummel & Carroll, Dallas, TX, and Julian R. Burnett, Lyles, Austin & Burnett, Ltd., Las Vegas, NV, for plaintiff.

Osborne & Gamboa by Alfred H. Osborne, Reno, NV, for defendants James L. Johnson, M.D. and Roger A. Jones, M.D.

Caroline K. Hunt, Thomas M. Moore, and Jeffrey W. Deane, of Haight, Brown & Bonesteel, Santa Monica, CA, and Paul F. Hamilton, Reno, NV, for defendant Burroughs Wellcome Co.

## ORDER

EDWARD C. REED, Jr., District Judge.

This Court's Order filed August 9, 1993 (document # 47) is amended to read as follows:

Plaintiff in this case received medical treatment from the Ruby Mountain Medical Clinic in Elko, Nevada after suffering from pain and numbness in his left ear. The attending doctor at the clinic diagnosed Mr. Heredia's condition as acute severe left otitis media with bullous myringitis and prescribed three medications. Plaintiff took the three written prescriptions to Payless Drug Store in Elko, Nevada where they were filled by the pharmacist on duty, Faris Massis. At issue in this case is the dispensing of Pediotic Otic Suspension drug (ear drops).

Plaintiff claims that he carefully took all the drugs as directed on the labeling. However, he contends that the Pediotic Otic Suspension was not properly labeled in that it did not contain a warning that the use or administration of Pediotic Otic Suspension should be discontinued and the prescribing physician promptly contacted in case of symptoms of tympanic membrane rupture. Plaintiff contends that due to the defective and unreasonably dangerous manner in which the drug was dispensed (without appropriate labeling and/warning), he suffers from severe and permanent injuries, including brain damage.

Plaintiff seeks recovery against Defendant Payless Drug Stores upon two separate theories of liability, strict liability and negligence. Defendant Payless Drugs has filed a motion for summary judgment (document # 21) with regard to these claims.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975). The moving party is entitled to summary judgment as a matter of law where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute. Fed. R.Civ.P. 56(c); *Semegen v. Weidner*, 780 F.2d 727 (9th Cir.1985). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141 (9th Cir.1983).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson, supra*. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes which are irrelevant or unnecessary will not be considered. *Id.* at 248, 106 S.Ct. at 2510. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex, supra*.

Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id.* When faced with a motion for summary judgment, the material before the court "must be viewed in the light most favorable to the [non-moving] party." *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

Count Three of Plaintiff's Complaint sets forth the strict liability cause of action. The claim is that the Pediotic Otic Suspension was in a "defective condition" which rendered it "unreasonably dangerous" when it left the control of Payless and was delivered to the plaintiff. Strict tort liability may be imposed upon sellers and those in the chain of distribution as well as manufacturers for their role in placing a defective product into the stream of commerce. To the extent that the plaintiff here bases his strict liability count against Defendant Payless on the pharmacy's role in the chain of distribution, standing between the patient and the drug manufacturer and doctor, the claim is valid. For purposes of the strict liability claim, the allegation is not directed at the conduct of the pharmacist but rather the nature of the product as it made way through the stream

of commerce.[1] The Nevada Supreme Court has extended the doctrine of strict liability to all types of products. *See Shoshone Coca–Cola Bottling Company v. Dolinski,* 82 Nev. 439, 420 P.2d 855 (1966); *Ginnis v. Mapes Hotel Corporation,* 86 Nev. 408, 470 P.2d 135 (1970). And the Nevada Courts recognize that strict liability may be imposed even though the product is faultlessly made if it is unreasonably dangerous to place the product in the hands of the user without suitable and adequate warning concerning safe and proper use. *G.E. v. Bush,* 88 Nev. 360, 498 P.2d 366 (1972); *Outboard Marine Corp. v. Stauffer,* 93 Nev. 158, 561 P.2d 450, 453 (1977). A failure to warn may constitute a product defect. *Oak Grove Investors v. Bell & Gossett Co.,* 99 Nev. 616, 668 P.2d 1075 (1983).

This Court cannot find that the Nevada Supreme Court would hold that the strict liability doctrine does not apply to Defendant simply because the subject transaction was a sale by defendant of a prescription drug. In addition, the summary judgment evidence before the Court indicates that the transaction involved a prescription drug that is packaged in a box and includes written information containing an express warning pertinent to this case ("This product should be used with care in cases of perforated eardrum"). The packaging and warning literature are provided by Burroughs Wellcome Company. Questions of fact remain as to whether such a warning actually was distributed with the drug at issue here, whether the warning was ever provided to Payless, or whether Defendant Payless furnished plaintiff with a product different from that which Burroughs Wellcome Company sold to the defendant. Defendant's motion for summary judgment with regard to the claim of strict liability is denied.

Count Four of Plaintiff's Complaint sets forth the negligence claim of action. The claim is that Payless acting through its employees and agents committed acts and/or omissions of negligence, which included failing properly to label the container which the Pediotic Otic Suspension was sold to plaintiff.

It is not for the pharmacist to second guess a licensed physician unless in such circumstances that would be obviously fatal. *Nevada State Bd. of Pharmacy v. Garrigus,* 88 Nev. 277, 496 P.2d 748 (1972). The pharmacist clearly does not have a greater duty than the physician, nor is the pharmacist the insurer of the safety of the drug. However, it is clear that the attending pharmacist owes some duty to persons for whom he or she is filling prescriptions. While a generalized duty to warn has been held to be inappropriate in some jurisdictions, generally a pharmacist has a duty to exercise due care in filling prescriptions. At a minimum, a pharmacist must be held to a duty to fill prescriptions as prescribed and properly label them (include the proper warnings) and be alert for plain error. *See McKee v. American Home Products Corp.,* 113 Wash.2d 701, 782 P.2d 1045 (1989).

The summary judgment record before the court, when viewed in the light most favorable to the plaintiff, includes evidence that the pharmacist in this case failed to include a written warning with a prescription drug supplied by the manufacturer. Defendants motion for summary judgment fails as to plaintiff's negligence claim.

IT IS, THEREFORE, HEREBY ORDERED that Defendants Motion for Summary Judgment (document # 21) is DENIED. IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time (document # 28) is rendered moot by this Order.

---

1. Any alleged misconduct on the part of the pharmacist is afforded sufficient remedy in the law of negligence.