■ In the Matter of NEW YORK COUNTY DIET DRUG LITIGATION. SUSAN ELLIOTT et al., Appellants, v A.H. ROBINS COMPANY, INC., et al., Respondents. (And Various Other Actions.) [691 NYS2d 501] —Appeals from orders (13 papers), Supreme Court, New York County (Helen Freedman, J.), entered on or about October 19, 1998, which granted the pharmacy defendants' motions to dismiss the complaint as against them for failure to state a cause of action and denied plaintiffs' cross motions to exempt them from the same court's Case Management Orders, deemed to be from the ensuing judgment, same court and Justice, entered November 2, 1998, dismissing the complaint as against the pharmacy defendants, and as so considered, the judgment is unanimously affirmed, without costs.

The court properly exercised its discretion in issuing the Case Management Orders to "centralize", rather than consolidate, the approximately 250 diet drug cases assigned to it by the Chief Administrative Judge. We note that although plaintiffs, in their cross motion, sought to be exempted from such orders, their counsel requested coordination of discovery in the litigation, did not object in any material respect to the substance of any of the orders at issue nor did plaintiffs appeal from any of the original orders. In any event, contrary to their current contentions, the Case Management Orders protected plaintiffs' rights to act individually and to object to any order. The record also belies plaintiffs' claims that discovery was improperly stayed in this matter.

Since there is no allegation that the pharmacy defendants failed to fill the prescriptions precisely as they were directed by the manufacturers and physicians, and plaintiffs do not allege

that they had a condition of which the pharmacists were aware, rendering prescription of the drugs at issue contraindicated, there is no basis to hold the pharmacists liable under theories of negligence, breach of warranty or strict liability, and the complaint against the pharmacists was properly dismissed (*Bichler v Willing*, 58 AD2d 331; *and see, Negrin v Alza Corp.*, 1999 WL 144507, 1999 US Dist LEXIS 3006 [SD NY, Mar. 17, 1999, Batts, J.]; *Ullman v Grant*, 114 Misc 2d 220; *cf., Hand v Krakowski*, 89 AD2d 650). Concur—Rosenberger, J. P., Tom, Rubin, Saxe and Buckley, JJ.