■ CLAIRE BLAZER, Appellant, v TRI-COUNTY AMBULETTE SERVICE, INC., et al., Respondents. [728 NYS2d 742] —In an action to recover damages for wrongful death and personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (R. E. Rivera, J.), dated April 28, 2000, which granted the defendants' motion for summary judgment and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff's decedent, Sara Edelstein, while a pedestrian, was allegedly injured when she walked into the rear passenger side of an ambulette owned by the defendant Tri-County Ambulette Service, Inc., and driven by the defendant James At-

kins. In support of their motion for summary judgment, the defendants submitted the deposition testimony of Atkins, the plaintiff, and two passengers in the ambulette. As a preliminary matter, we note "the fact that supporting proof was placed before the court by way of an attorney's affidavit annexing deposition testimony, rather than affidavits of fact on personal knowledge, does not defeat defendants' right to summary judgment" (*Gaeta v New York News,* 62 NY2d 340, 350).

The deposition testimony of Atkins and the passengers in the ambulette demonstrates that the ambulette had completed its turn, and its front had already passed the decedent when she walked into its rear passenger side. The undisputed evidence indicates that the driver was unable to observe the decedent at any time prior to the accident, and that the ambulette was operated in a prudent and reasonable manner. Thus, the defendants sustained their burden of proving their entitlement to summary judgment as a matter of law (*see, Carrasco v Monteforte,* 266 AD2d 330; *Brown v City of New York,* 237 AD2d 398). The plaintiff's submissions in opposition were insufficient to raise any material issue of fact (*see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Carrasco v Monteforte, supra*). O'Brien, J. P., S. Miller, Schmidt and Cozier, JJ., concur.