**Yong S. GENNOCK, Individually,**
**Plaintiff,**

v.

**WARNER–LAMBERT COMPANY; Parke–Davis, a Division of Warner–Lambert Company; Pfizer Incorporated; Sav–On Drug Stores, Inc., a Delaware Corporation; Kuang Hua Barry Chang, Rph 10704, a Nevada Citizen; and Roe Corporations I through X, inclusive, Defendants.**

**No. CV–S–02–0371 RLH (LRL).**

United States District Court,
D. Nevada.

June 12, 2002.

---

Will Kemp, Las Vegas, NV, for Yong S. Gennock.

Alan Freer, Las Vegas, NV, Kirby Smith, Las Vegas, NV, for Warner-Lambert Co., Parke-Davis, Pfizer Inc., Sav-On Drug Stores, Inc., Kuang Hua Barry Chang.

### *ORDER*

HUNT, District Judge.

Before this Court is **Plaintiff's Motion for Remand** (# 4) filed on March 22, 2002. The Court has also considered Defendants' Opposition (# 11) filed on April 8, 2002, Plaintiff's Reply (# 12) filed on April 22, 2002, and Defendants' Motion to Strike and Sur–Reply in Opposition to Motion to Remand (# 17) filed on May 29, 2002.

Plaintiff contends that this Court should remand this case back to the Eighth Judicial District Court in the State of Nevada. Plaintiff argues that there is no diversity jurisdiction between the parties and that

the Motion for Removal was not joined in by all Defendants.

Defendants argue that this Court should not decide this current issue, but instead allow the Multi–District Litigation Judge assigned to the case to address it. Additionally, Defendants argue that jurisdiction in this Court is appropriate, because Plaintiff has fraudulently added Defendant Kuang Hua Barry Chang to destroy diversity jurisdiction.

## BACKGROUND

This action was filed by Plaintiff against Defendants on January 31, 2002 in the Eighth Judicial District Court in the State of Nevada. Pfizer is a corporation organized under the laws of Delaware with its principal place of business in New York. Warner–Lambert is a corporation organized under the laws of Delaware with its principal place of business in New Jersey. Sav-on is a corporation organized under the laws of Illinois with its principle place of business in Idaho. Chang is a citizen of Nevada.

The Complaint alleged eight counts against the "Manufacturing Defendants" (which are defined in the Complaint as Warner–Lambert and Pfizer): (1) negligence/negligence per se, (2) breach of express warranty, (3) breach of implied warranty, (4) misrepresentation/fraud, (5) negligent misrepresentation, (6) fraudulent concealment/suppression, (7) battery, and (8) violations of Nevada's Deceptive and Unfair Trade Practices Act. The Complaint also alleges two counts against "Defendants" collectively: (1) strict products liability (failure to warn), and (2) strict products liability (defective design).

On March 15, 2002, Defendants filed a Notice of Removal and removed the case to this Court.

## DISCUSSION

### I. Motion to Strike and Motion for Leave to File Sur–Reply

As a preliminary matter, Defendants have filed a Motion to Strike (# 17) which seeks to delete eight (8) pages of Plaintiff's Reply (# 12) under Local Rule 7–4. LR 7–4 states that reply briefs shall be limited to twenty (20) pages in length, excluding exhibits. Plaintiff's Reply (# 12) is indeed twenty-eight (28) pages long, eight (8) pages over the limit allowed under LR 7–4. However, the Court retains the authority to modify or relax such rule and will allow Plaintiff's Reply to remain intact, considering some of its most critical arguments are contained within those eight (8) pages. Nevertheless, the Court will warn Plaintiff that future violations will not be looked upon as favorably. Additionally, because the Court will allow Plaintiff's Reply to remain intact, the Court shall also consider Defendants' Sur–Reply (# 17) in analyzing the issue of Remand.

### II. Timeliness of Removal

Plaintiff contends that Removal by the Defendants was ineffective for two reasons: (1) the Notice of Removal was late, and (2) not all Defendants joined the Notice of Removal as required under the Statute.

Removal is governed by 28 U.S.C. § 1441(a), which states:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter,

the citizenship of defendants sued under fictitious names shall be disregarded.

Additionally, under § 1441(b) a petition for removal must be filed within 30 days of service of the complaint or other pleading setting forth a claim for relief that gives rise to federal jurisdiction upon the first defendant.

In this case, the first defendant served was Sav-on and they were served on February 21, 2002. Therefore, this meant that all Defendants had 30 days to join in a notice of removal. By the Court's calculations, the Defendants had until March 25, 2002 to file such removal. The Defendants filed their Notice of Removal on March 15, 2002, placing them well within the 30 day limit of 28 U.S.C. § 1441(b). Therefore, Removal in this case was timely.

Plaintiff argues that Defendant Chang failed to file a timely, written joinder. Unfortunately for Plaintiff, this argument fails. Chang was served on March 3, 2002. Defendants' Notice of Removal clearly lists all Defendants, including Chang, as those seeking and filing a joinder to bring such Notice. Consequently, considering that the Notice was filed on March 15, 2002 and joined in by all Defendants, the Notice was timely and effective as to all Defendants.

## II. Jurisdiction

As mentioned above, this Court may retain jurisdiction over the Removal if it is a case in "which the district courts of the United States have original jurisdiction". This Court has original jurisdiction if there is diversity of citizenship or a federal question of law. In this case, jurisdiction was predicated upon diversity jurisdiction. Plaintiff argues that there is no diversity jurisdiction, because Defendant Chang and Plaintiff are both citizens of Nevada. Defendant contends that this can be ignored if the Plaintiff fraudulently joined Chang to defeat diversity jurisdiction.

■ Plaintiff alleges that Defendant Chang, as a pharmacist, is strictly liable under the laws of Nevada and therefore is properly included as a defendant. Defendants believe that Defendant Chang has been added fraudulently and the learned intermediary doctrine applies to this case, thus precluding any action being brought against Chang as a pharmacist.

■ A learned intermediary has been defined as a medical expert, such as a prescribing physician, whose task is to weigh the benefits of any medication against possible dangers and to make "an individualized medical judgment bottomed on a knowledge of both patient and palliative." *Reyes v. Wyeth Laboratories*, 498 F.2d 1264, 1276 (5th Cir.1974). Thus, the threshold question becomes does the learned intermediary doctrine apply in Nevada? If it does, then Defendant Chang, as a pharmacist, cannot be strictly liable for filling a lawful prescription and the Court can retain jurisdiction because Chang would be dismissed. On the other hand, if the learned intermediary doctrine does not apply, then Defendant Chang is properly joined as a Defendant and diversity jurisdiction is lost.

Nevada law has addressed the issue of the learned intermediary doctrine on only one occasion in *Allison v. Merck and Co., Inc.*, 110 Nev. 762, 878 P.2d 948 (1994). In *Allison*, an infant received a vaccine for measles, mumps and rubella. The mother of the infant brought action against the county health district and manufacturer of the vaccine, alleging the vaccine caused injuries to the infant, including blindness, deafness and mental retardation. The state court granted summary judgment in favor of defendant and the mother appealed. The Nevada Supreme Court affirmed in part, reversed in part and remanded. In their dissent, the minority discusses how they would have affirmed the state

court's granting of summary judgment. The dissent refers to the learned intermediary doctrine while discussing how the infant's doctor failed to perform his duty to warn his patient of the possible dangers of the vaccine.

■ While the learned intermediary doctrine was discussed, it was done so by the dissent. In this Court's analysis, that does not make it the law in Nevada. The majority in *Allison* failed to rely upon that doctrine in reversing the summary judgment in favor of defendant and remanding the case back to the state court. Thus, at least in this Court's view, the learned intermediary doctrine does not apply in this case. At a minimum, a pharmacist must be held to a duty to fill prescriptions as prescribed and properly label them (including warnings) and be alert for plain error. *Heredia v. Johnson,* 827 F.Supp. 1522, 1525 (D.Nev.1993). Therefore, it was proper for Plaintiff to include Defendant Chang in her Complaint. Because Defendant Chang is a properly pled defendant, his citizenship and Plaintiff's citizenship negate the diversity jurisdiction requirement. Accordingly, it is improper for this Court to retain jurisdiction over this matter and the Court shall remand the case back to state court.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (# 4) is GRANTED.