■ DAREYA NATHAN, an Infant, By Her Parents and Natural Guardians, DARYL NATHAN and Another, et al., Appellants, v ROCHESTER HOUSING AUTHORITY, Respondent. [890 NYS2d 870]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff daughter when she fell through the balusters of a railing in a building owned by defendant. Contrary to the contention of plaintiffs, Supreme Court properly denied their motion for partial summary judgment on the issue of liability. "Plaintiff[s'] expert[s] cited no authority, treatise, standard, building code, article or other corroborating

evidence to support [their] assertion that good and accepted engineering and building safety practices called for the installation" of balusters with narrower gaps than those in the building in question (*Buchholz v Trump 767 Fifth Ave., LLC*, 5 NY3d 1, 8-9 [2005]). "The opinion of a qualified expert that a plaintiff's injuries were caused by a deviation from relevant industry standards has no probative force where the expert's ultimate assertions are speculative or unsupported by any evidentiary foundation" (*Wong v Goldbaum*, 23 AD3d 277, 279 [2005]; *see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). Plaintiffs thus failed to meet their initial burden on the motion, and we need not consider the sufficiency of defendant's opposing papers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Present—Smith, J.P., Fahey, Carni and Green, JJ.