■■ JAN EBERLE, Respondent, v THOMAS F. HUGHES, III, M.D., et al., Defendants, and RITE AID OF NEW YORK, INC., et al., Appellants. [909 NYS2d 273]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered September 9, 2009. The order denied the motion of defendants Rite Aid of New York, Inc. and Thomas Siejka for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action against, inter alia, Rite Aid of New York, Inc. (Rite Aid), a pharmacy, and pharmacist Thomas Siejka (hereafter, defendants) alleging that they were negligent in dispensing a certain medication to plaintiff and in advising her about the medication. In her bill of particulars and amended bill of particulars, plaintiff further alleged that defendants were negligent in, inter alia, failing to take into account plaintiff's medical history; failing to adhere to pharmaceutical recommendations regarding the drug, including

contraindications and warnings; failing to contact plaintiff's treating physician regarding medication contraindications; and failing to offer suggestions for pharmaceutical substitutes to plaintiff's physician.

Supreme Court properly denied the motion of defendants for summary judgment seeking dismissal of the complaint against them. "The standard of care which is imposed on a pharmacist is generally described as ordinary care in the conduct of his [or her] business. The rule of ordinary care as applied to the business of a druggist means the highest practicable degree of prudence, thoughtfulness and vigilance commensurate with the dangers involved and the consequences which may attend inattention" (*Hand v Krakowski*, 89 AD2d 650, 651 [1982]; *see Willson v Faxon, Williams & Faxon*, 208 NY 108, 114 [1913]). In support of their motion, defendants submitted the deposition testimony of plaintiff in which she stated that she filled a prescription for Clindamycin at Rite Aid but that, before taking the medication, she returned to Rite Aid to speak to a pharmacist because she was concerned about warnings for the drug listed in the patient information sheet. The record establishes that, in particular, the patient information sheet included the warning that a person with a history of ulcerative colitis should notify his or her physician or pharmacist before taking the medication, and plaintiff had such a history. Plaintiff testified that defendant pharmacist told her that the warnings on the patient information sheet were applicable to extreme cases and that she should not be "paranoid" and should take the medication. We conclude under the circumstances of this case that a trier of fact could determine that defendants thereby breached their duty of ordinary care (*see Hand*, 89 AD2d at 651; *see also Raynor v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 12 AD3d 298 [2004]). Because defendants failed to meet their initial burden on their motion, we do not consider their contentions concerning plaintiff's opposing papers (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Present—Scudder, P.J., Centra, Peradotto, Sconiers and Pine, JJ.