■ DOROTHY BRUMAGHIM et al., Respondents, v REBECCA R. ECKEL et al., Respondents, and RITE AID CORPORATION et al., Appellants. [944 NYS2d 329]—

Peters, P.J. Appeal from an order of the Supreme Court (Devine, J.), entered July 16, 2011 in Schoharie County, which denied a motion by defendants Rite Aid Corporation and Rite Aid Pharmacy of Cobleskill to dismiss the complaint against them.

Plaintiff Dorothy Brumaghim (hereinafter plaintiff) and her husband, derivatively, commenced this action against defendants after plaintiff suffered a stroke. Plaintiffs alleged that plaintiff's physician, defendant Rebecca R. Eckel, improperly prescribed an inadequate dosage of Coumadin, a medication intended to treat her medical condition. They further alleged that the pharmacy at which plaintiff filled her prescription, which was operated by defendants Rite Aid Corporation and

Rite Aid Pharmacy of Cobleskill (hereinafter collectively referred to as Rite Aid), was negligent in failing to contact plaintiff's physician to inquire about the prescribed dosage. Rite Aid moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Supreme Court denied the motion, prompting this appeal by Rite Aid.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), "we afford the pleadings a liberal construction, accept the facts alleged therein as true, accord the plaintiff[s] the benefit of every possible inference and determine whether the facts alleged fit within any cognizable legal theory" (*Matter of Upstate Land & Props., LLC v Town of Bethel*, 74 AD3d 1450, 1452 [2010]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Keehle v Diocese of Syracuse*, 80 AD3d 974, 974 [2011]). "The standard of care which is imposed on a pharmacist is generally described as ordinary care in the conduct of his [or her] business. The rule of ordinary care as applied to the business of a druggist means the highest practicable degree of prudence, thoughtfulness and vigilance commensurate with the dangers involved and the consequences which may attend inattention" (*Hand v Krakowski*, 89 AD2d 650, 651 [1982] [citation omitted]; *accord Eberle v Hughes*, 77 AD3d 1398, 1399 [2010]; *see Willson v Faxon, Williams & Faxon*, 208 NY 108, 114 [1913]). Generally, a pharmacist cannot be held liable for negligence in the absence of an allegation that he or she failed to fill a prescription precisely as directed by the physician or was aware that the customer had a condition that would render the prescription of the drug at issue contraindicated (*see Matter of N.Y. County Diet Drug Litig.*, 262 AD2d 132, 132-133 [1999], *appeal dismissed* 94 NY2d 835 [1999], *lv dismissed and denied* 94 NY2d 895 [2000]; *see also Winters v Alza Corp.*, 690 F Supp 2d 350, 354 [SD NY 2010]; *Fagan v AmerisourceBergen Corp.*, 356 F Supp 2d 198, 212 [ED NY 2004]). In addition, liability or culpable conduct on the part of a pharmacy may be found where there was some active negligence on the part of the pharmacist (*see e.g. Drennon v Faris Pharm.*, 197 AD2d 863 [1993] [the plaintiff set forth a meritorious claim of negligence on the part of the pharmacist in switching the labels on two medications]; *France v State of New York*, 132 Misc 2d 1031 [1986] [finding that the prison pharmacist was negligent for failing to refill the claimant's prescription for almost one month]; *see also Bichler v Willing*, 58 AD2d 331, 333 [1977] [finding, as a matter of law, that the pharmacist could not be found negligent where he filled the prescription precisely as he was directed, and there were no allegations that "he did any compounding, added to or took from the product as it had been prepared by the manufacturer, or that he did anything to

change the prescription furnished him or that he adopted and represented the product as his own"]).

Here, plaintiffs do not allege that Rite Aid failed to fill the prescription as written by the physician, and it is undisputed that Coumadin was not contraindicated for plaintiff. Rather, plaintiffs allege that Rite Aid filled "an incorrect and inconsistent prescription medication of a *contra-indicated dosage for plaintiff*" (emphasis added). While courts from other jurisdictions have concluded that pharmacists have a duty to be alert for, and take corrective measures to address, patent errors on the face of a prescription, such as inadequacies in the instructions or incompatible prescriptions (*see e.g. Morgan v Wal-Mart Stores, Inc.*, 30 SW3d 455, 466 [Tex Ct App 2000]; *Horner v Spalitto*, 1 SW3d 519, 523-524 [Mo Ct App 1999]; *Lasley v Shrake's Country Club Pharm., Inc.*, 179 Ariz 583, 588, 880 P2d 1129, 1134 [Ct App 1994]; *Hooks SuperX, Inc. v McLaughlin*, 642 NE2d 514, 517-520 [Ind 1994]; *Heredia v Johnson*, 827 F Supp 1522, 1525 [D Nev 1993]; *Dooley v Everett*, 805 SW2d 380, 386 [Tenn Ct App 1990]; *McKee v American Home Prods., Corp.*, 113 Wash 2d 701, 720, 782 P2d 1045, 1055-1056 [1989]; *Riff v Morgan Pharmacy*, 353 Pa Super 21, 30, 508 A2d 1247, 1252 [1986], *lv denied* 524 A2d 494 [1987]), plaintiffs make no such claim here. Indeed, plaintiffs' claim is not that Rite Aid filled a prescription that was contraindicated on its face—such as if the dosage of the drug prescribed fell below or exceeded the medically acceptable range of dosages that should be provided under any circumstance.[1] Rather, they assert that Rite Aid filled a prescription for a dosage that was inappropriate and inadequate *for her in particular*.[2] Imposing a duty upon a pharmacist to contact the prescribing physician whenever there has been a change in dosage—within medically acceptable ranges—of a particular patient's medication would, in essence, require the pharmacist to question the physician's judgment regarding the appropriateness of each customer's prescription. Sound policy reasons exist for not imposing such a duty.

1. Even if plaintiffs' complaint could reasonably be construed to allege this, on a motion to dismiss we do not accept as true factual allegations that are " 'flatly contradicted by documentary evidence' " (*Mesiti v Mongiello*, 84 AD3d 1547, 1549 [2011], quoting *Quail Ridge Assoc. v Chemical Bank*, 162 AD2d 917, 918 [1990], *lv dismissed* 76 NY2d 936 [1990]; *accord Lopes v Bain*, 82 AD3d 1553, 1555 [2011]). Here, in support of its motion, Rite Aid submitted documentary evidence establishing that Coumadin is supplied in tablets of different dosages ranging from 1 milligram to 10 milligrams. It is undisputed that the prescription at issue was for 1 milligram dosages of Coumadin.

2. Notably, the complaint does not allege that Rite Aid had previously filled Coumadin prescriptions for plaintiff.

As one court observed: "The propriety of a prescription depends not only on the propensities of the drug but also on the patient's condition. A prescription which is excessive for one patient may be entirely reasonable for the treatment of another. To fulfil the duty which the plaintiff urges us to impose would require the pharmacist to learn the customer's condition and monitor his [or her] drug usage. To accomplish this, the pharmacist would have to interject himself [or herself] into the doctor-patient relationship and practice medicine without a license" (*Eldridge v Eli Lilly & Co.*, 138 Ill App 3d 124, 127, 485 NE2d 551, 553 [1985]; *accord McKee v American Home Prods., Corp.*, 113 Wash 2d at 716, 782 P2d at 1053). A physician may often have valid reasons for altering a patient's dosage of a particular medication based on the patient's unique condition. The duty which plaintiffs urge would not only place an undue burden on pharmacists, but would likely create antagonistic relations between pharmacists and physicians and interfere with the patient-physician relationship. "It is the duty of the prescribing physician to know the characteristics of the drug he [or she] is prescribing, to know how much of the drug he [or she] can give [the] patient, to elicit from the patient what other drugs the patient is taking, to properly prescribe various combinations of drugs, to warn the patient of any dangers associated with taking the drug, to monitor the patient's dependence on the drug, and to tell the patient when and how to take the drug. Further, it is the duty of the patient to notify the physician of the other drugs the patient is taking. Finally, it is the duty of the drug manufacturer to notify the physician of any adverse effects or other precautions that must be taken in administering the drug. Placing these duties to warn on the pharmacist would only serve to compel the pharmacist to second guess every prescription a doctor orders in an attempt to escape liability" (*Jones v Irvin*, 602 F Supp 399, 402 [SD Ill 1985] [citation omitted]). Indeed, the majority of jurisdictions confronted with facts similar to those presented here have concluded that a pharmacist has no duty to warn the patient or contact the prescribing physician when the physician prescribes excessive or inadequate dosages of a drug (*see e.g. Morgan v Wal-Mart Stores, Inc.*, 30 SW3d at 466; *Walls v Alpharma USPD, Inc.*, 887 So 2d 881 [Ala 2004]; *Nichols v Central Mdse.*, 16 Kan App 2d 65, 68, 817 P2d 1131, 1133 [1991]; *McKee v American Home Prods., Corp.*, 113 Wash 2d at 720, 782 P2d at 1055-1056; *Adkins v Mong*, 168 Mich App 726, 729-732, 425 NW2d 151, 152-153 [1988]; *Stebbins v Concord Wrigley Drugs, Inc.*, 164 Mich App 204, 216-217 [1987]; *Eldridge v Eli Lilly & Co.*, 138 Ill App 3d at 126-127, 485 NE2d at 552-553; *Pysz v Henry's Drug Store*, 457 So 2d 561, 562 [Fla 1984]).

In reaching this conclusion, we do not suggest that "a pharmacy is no more than a warehouse for drugs and that a pharmacist has no more responsibility than a shipping clerk who must dutifully and unquestioningly obey the written orders of omniscient physicians" (*Riff v Morgan Pharmacy*, 353 Pa Super at 28, 485 NE2d at 1251 [emphasis omitted]). However, we do recognize that a pharmacist's professional judgment must defer to the prescribing physician's training, experience, and knowledge of the particular patient's condition. We therefore conclude that, under the circumstances here, Rite Aid had no duty to warn plaintiff or contact the prescribing physician to inquire about the dosage of the drug prescribed. Accordingly, the complaint must be dismissed against Rite Aid.

Malone Jr., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed against defendants Rite Aid Corporation and Rite Aid Pharmacy of Cobleskill.