# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**837**

**CA 12-02073**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

BONNIE L. BURTON, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MICHAEL T. SCIANO, M.D., ET AL., DEFENDANTS,
AND RITE AID OF N.Y., INC., DOING BUSINESS AS
RITE AID PHARMACY, DEFENDANT-RESPONDENT.

---

COTE & VAN DYKE, LLP, SYRACUSE (JOSEPH S. COTE, III, OF COUNSEL), FOR PLAINTIFF-APPELLANT.

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered August 17, 2012. The order granted the motion of defendant Rite Aid of N.Y., Inc., doing business as Rite Aid Pharmacy, to dismiss the complaint and cross claims against it.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries allegedly arising from the medical treatment that she received for breathing difficulties. Insofar as relevant here, plaintiff sought damages from defendant Rite Aid of N.Y., Inc., doing business as Rite Aid Pharmacy (Rite Aid), for its alleged negligence in filling a prescription that was written by another defendant. Plaintiff appeals from an order that granted Rite Aid's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and all cross claims against it.

Contrary to plaintiff's contention, Supreme Court properly granted Rite Aid's motion to dismiss the complaint for failure to state a cause of action. It is well settled that, "[o]n a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction . . . We accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory . . . In assessing a motion under CPLR 3211 (a) (7), however, a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint . . . and 'the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated

one' " (*Leon v Martinez*, 84 NY2d 83, 87-88; *see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414).

With respect to the sufficiency of the complaint before us, we note that in New York " '[t]he standard of care which is imposed on a pharmacist is generally described as ordinary care in the conduct of his [or her] business.  The rule of ordinary care as applied to the business of a druggist means the highest practicable degree of prudence, thoughtfulness and vigilance commensurate with the dangers involved and the consequences which may attend inattention' " (*Eberle v Hughes*, 77 AD3d 1398, 1399).  "Generally, a pharmacist cannot be held liable for negligence in the absence of an allegation that he or she failed to fill a prescription precisely as directed by the physician or was aware that the customer had a condition that would render the prescription of the drug at issue contraindicated" (*Brumaghim v Eckel*, 94 AD3d 1391, 1392; *see Elliott v A.H. Robins Co.*, 262 AD2d 132, 132-133, *appeal dismissed* 94 NY2d 835, *lv dismissed in part and denied in part* 94 NY2d 895).  Here, because plaintiff failed to allege that the dosage "fell below or exceeded the medically acceptable range of dosages that should be provided under any circumstance" (*Brumaghim*, 94 AD3d at 1393), that Rite Aid did not follow the prescribing physician's directions, or that Rite Aid was aware that the drug was contraindicated for plaintiff, the court properly concluded that the complaint fails to state a cause of action for negligence on the part of Rite Aid (*see id.* at 1393-1395).

Contrary to plaintiff's further contention, she failed to establish through an expert's affidavit that the pharmacy profession itself has created a different standard of care from that set forth herein.  In support of that contention, plaintiff submitted the affidavit of a pharmacist who opined that "[t]he dose [of prednisone prescribed for plaintiff] triggers the need to contact the prescribing physician to double check the dosage and to notify the patient of the very high dose and risks associated with that dose."  " '[O]rdinarily, the opinion of a qualified expert that a plaintiff's injuries were caused by a deviation from relevant industry standards would' [be sufficient to allege a violation of a professional standard of care] . . . Where the expert's ultimate assertions are speculative or unsupported by any evidentiary foundation, however, the opinion should be given no probative force and is insufficient to" establish a violation of a standard of care (*Diaz v New York Downtown Hosp*., 99 NY2d 542, 544; *see Buchholz v Trump 767 Fifth Ave., LLC*, 5 NY3d 1, 9).  Thus, an expert's affidavit is insufficient to establish that a standard of care exists where it is "devoid of any reference to a foundational scientific basis for its conclusions" (*Romano v Stanley*, 90 NY2d 444, 452).  Here, the expert cites no industry standard, treatise or other authority in support of his opinion regarding the standard of care (*see Buchholz*, 5 NY3d at 8-9; *Nathan v Rochester Hous. Auth.*, 68 AD3d 1820, 1820-1821), and plaintiff therefore failed to establish that the pharmacy profession itself imposes a different

standard of care from that set forth in the applicable case law.