In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 10, 2012, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is granted.
This is an action to recover damages, inter alia, for personal injuries sustained by Johnathan Millstein (hereinafter the decedent). The decedent was killed when the right rear wheel of a school bus owned by the defendant Amboy Bus Company, and driven by its employee, the defendant Yvette Jolicoeur (hereinafter the driver), ran over him after he fell off a bicycle he was riding in the intersection of 8th Avenue and President Street in Brooklyn. The bus was traveling north on 8th Avenue approaching President Street at the same time as the decedent was traveling west on President Street approaching the intersection with 8th Avenue. The bus proceeded north through the intersection and had nearly cleared the intersection when the driver heard an impact at the right rear of the vehicle, brought the bus to an abrupt stop, exited the vehicle, and discovered the decedent injured on the street. After the completion of discovery, the defendants moved for summary judgment dismissing complaint.
The defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the bus was operated in a prudent and reasonable manner and the driver acted with due care under the circumstances (see Wolbe v Fishman, 29 AD3d 785 [2006]; Trzepacz v Jara, 11 AD3d 531 [2004]; Blazer v Tri-County Ambulette Serv., 285 AD2d 575 [2001]). The evidence established that the bus entered the intersection with a green light in its favor and had nearly completed exiting the intersection when the decedent, against the traffic control device for President Street, entered the intersection and attempted to ride in the vicinity of the bus, but lost his balance and fell to the pavement within the path of the bus’s rear tire.
The plaintiff’s conclusory and speculative assertions in op *893 position to the defendants’ motion concerning the defendants’ possible negligence in failing to avoid the accident were unsupported by any competent evidence and, therefore, did not raise a triable issue of fact (see Trzepacz v Jara, 11 AD3d 531 [2004]; see also Wolbe v Fishman, 29 AD3d 785 [2006]; Blazer v TriCounty Ambulette Serv., 285 AD2d 575 [2001]). Moreover, under these circumstances, where the plaintiff failed to make some showing of negligence on the part of the defendants, the plaintiff was not entitled to invoke the Noseworthy doctrine (see Noseworthy v City of New York, 298 NY 76 [1948]; Afghani v Metropolitan Suburban Bus Auth., 45 AD3d 511, 512 [2007]).
Accordingly, the Supreme Court should have granted the defendants’ motion for summary judgment dismissing the complaint (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
Dickerson, J.R, Leventhal, Hall and Lott, JJ., concur.