# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1037
CA 15-01959
PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND CURRAN, JJ.

---

JAMES R. WITTMAN, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ROBERT NICE, ET AL., DEFENDANTS,
AND LANCASTER CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION, DEFENDANT-RESPONDENT.

---

BROWN CHIARI LLP, BUFFALO (BRADLEY D. MARBLE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

SUGARMAN LAW FIRM, LLP, BUFFALO (JENNA W. KLUCSIK OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Shirley Troutman, J.), entered September 2, 2015. The order granted the motion of defendant Lancaster Central School District Board of Education for summary judgment dismissing all the "claims and cross[] claims" against it.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries he sustained when he was struck by a vehicle operated by defendant Robert Nice while plaintiff was crossing Pavement Road to go from his mailbox to his residence. Just before the collision, a school bus passed by plaintiff, activating its yellow flashing lights. Nice was approaching from the opposite direction, but the bus continued past Nice without activating its red lights or stopping. Nice then accelerated and continued down the road. Upon seeing the bus activate its yellow flashing lights, plaintiff looked left in the direction from which Nice was approaching, and observed what appeared to be oncoming vehicles slowing down. Plaintiff then looked right, observing vehicles stopping behind the bus. At that point, plaintiff proceeded into the road, where he was struck by Nice. With respect to Lancaster Central School District (defendant), which plaintiff improperly sued under the name Lancaster Central School District Board of Education, plaintiff contended that defendant was liable for the injuries he sustained in the accident because the bus driver operating defendant's school bus was negligent by, inter alia, "flashing the yellow signal and failing to come to a complete stop."

Contrary to plaintiff's contention, we conclude that Supreme

Court properly granted defendant's motion for summary judgment dismissing the "claims and cross[] claims" against it. Defendant "demonstrated [its] prima facie entitlement to judgment as a matter of law by establishing that the bus was operated in a prudent and reasonable manner and [that] the driver acted with due care under the circumstances" (*Clark v Amboy Bus Co.*, 117 AD3d 892, 892). Defendant established that the bus driver was not negligent by submitting evidence that "the bus was traveling within the speed limit, *did not decelerate in an improper manner*, and was otherwise operated in accordance with New York State and School District guidelines, policies and procedures" (*Green v South Colonie Cent. Sch. Dist.*, 81 AD3d 1139, 1141 [emphasis added]; *see generally Karchere v Pioneer Transp. Corp.*, 213 AD2d 700, 701). The burden thus shifted to plaintiff to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Plaintiff's submissions in opposition to the motion consisted mostly of materials already submitted by defendant. The only relevant submission containing any new evidence was an affidavit from an expert in accident reconstruction. We conclude that the expert's averments fail to raise a triable issue of fact sufficient to defeat the motion.

First, the expert averred that "a driver of a school bus has to stop at each and every designated stop," but the expert "cite[d] no industry standard, treatise or other authority in support of his opinion" (*Burton v Sciano*, 110 AD3d 1435, 1437). Neither the Vehicle and Traffic Law nor the New York State Department of Motor Vehicles Commercial Driver's Manual requires a school bus driver to stop at a designated bus stop if no child is waiting there for the bus. The expert's opinion is "speculative or unsupported by any evidentiary foundation . . . [and] is [thus] insufficient to withstand summary judgment" (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544; *see Romano v Stanley*, 90 NY2d 444, 451-452; *Rost v Stolzman*, 81 AD3d 1401, 1403). It is therefore irrelevant whether the bus eventually activated the red lights and stopped after passing by Nice.

Although plaintiff correctly contends that the technical or scientific basis for an expert's conclusions "ordinarily need not be adduced as part of the proponent's direct case . . . , an expert's affidavit proffered as the *sole* evidence to defeat summary judgment must contain sufficient allegations to demonstrate that the conclusions it contains are more than mere speculation and would, if offered alone at trial, support a verdict in the proponent's favor" (*Romano*, 90 NY2d at 451-452 [emphasis added]; *see Ramos v Howard Indus., Inc.*, 10 NY3d 218, 224).

Second, the expert's opinions concerning the bus driver's alleged negligence have no evidentiary basis in the record. The expert recounted that the bus driver had testified that he used the lights "to illuminate the roadway" and "was improperly using the yellow flashing lights of the bus." Again, the expert "cite[d] no industry standard, treatise or other authority in support of his opinion" (*Burton*, 110 AD3d at 1437). In our view, there is "no evidentiary basis for the [expert's] conclusion that [the bus driver improperly

used the yellow lights]" (*Keller v Liberatore*, 134 AD3d 1495, 1496; *see Rost*, 81 AD3d at 1403; *see generally Diaz*, 99 NY2d at 544).  "[I]n the absence of any evidence that negligence on the part of [defendant] contributed to the accident, the plaintiff[] ha[s] failed to state a cognizable theory for recovery against [defendant]" (*O'Connor v Mahopec Cent. Sch. Dist.*, 259 AD2d 530, 531).  Based on our conclusions that defendant established as a matter of law that it is not liable for the accident and that plaintiff failed to raise a triable issue of fact concerning defendant's liability, we see no need to reach the remaining contentions of the parties.

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court