Pizzo v Rios (2020 NY Slip Op 03259)





Pizzo v Rios


2020 NY Slip Op 03259


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-14962
 (Index No. 4783/15)

[*1]Joseph W. Pizzo, appellant,
v
Luis M. Rios, et al., respondents.


Aleksandr Vakarev (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman and Harlan Wittenstein], of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Kristen A. Carroll and Nicholas Hurzeler of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Larry D. Martin, J.), entered November 5, 2018. The judgment, upon the denial of the plaintiff's motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, upon a jury verdict in favor of the defendants and against him on the issue of liability, and upon the denial of his motion, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against him dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff was traversing a crosswalk using a mobility scooter when the steering column of his scooter became stuck under a storage compartment of a 24-foot-long oil truck operated by the defendant Luis M. Rios and owned by Rios's employer, the defendant Chief Energy Corp. The storage compartment was located near the truck's rear wheel. The mobility scooter was dragged 20 or 25 feet before the plaintiff was able to roll it off the truck. The plaintiff commenced this personal injury action against the defendants. The matter proceeded to trial on the issue of liability. The Supreme Court denied the plaintiff's motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability. The jury determined that the defendants were not at fault in the happening of the accident. The court denied the plaintiff's motion, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. A judgment was entered in favor of the defendants dismissing the complaint, and the plaintiff appeals.
To succeed on a motion for judgment as a matter of law pursuant to CPLR 4401, a moving party has the burden of showing that there is no rational process by which the jury could find in favor of the nonmoving party and against the moving party (see Szczerbiak v Pilat, 90 NY2d 553, 556; see e.g. Feteha v Scheinman, 169 AD3d 871, 872). In determining whether the movant has met this burden, the court must accept the nonmoving party's evidence as true and accord the nonmoving party the benefit of every favorable inference which can reasonably be drawn from the evidence presented at trial (see Szczerbiak v Pilat, 90 NY2d at 556).
The determination that a verdict is contrary to the weight of the evidence "is itself a factual determination based on the reviewing court's conclusion that the original trier of fact has [*2]incorrectly assessed the evidence" (Cohen v Hallmark Cards, 45 NY2d 493, 498). A jury verdict should not be set aside as contrary to the weight of the evidence unless it "could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [internal quotation marks omitted]).
Here, we agree with the Supreme Court's denial of the plaintiff's motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law. The evidence at trial demonstrated that the defendants' truck had entered the intersection with a green light in its favor after Rios checked for pedestrians, and had nearly completed exiting the intersection when the plaintiff drove his mobility scooter off the curb and into the rear portion of the truck. Under these circumstances, Rios had no ability to avoid contact with the plaintiff (see Clark v Amboy Bus Co., 117 AD3d 892, 892; Rodriguez v Catalano, 96 AD3d 821, 822).
Further, it cannot be said that the jury's determination that the defendants were not at fault in the happening of the accident could not have been reached on any fair interpretation of the evidence. Thus, the verdict was not contrary to the weight of the evidence, and we agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial.
The plaintiff's remaining contention is without merit.
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court