734 So.2d 1251 (1999)
Carolyn WILLIAMS, et al., Plaintiffs-Appellees,
v.
NORTHGATE HOSPITAL d/b/a Sabine Medical Center, Defendant-Appellee.
No. 98-1477.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1999.
Daniel Wayne Nodurft, for Carolyn Williams et al.
Frederick Bernard Alexius, Alexandria, for Northgate Hospital, d/b/a Sabine Medical Center.
Before THIBODEAUX, PETERS, and AMY, Judges.
PETERS, J.
This matter comes before us on remand from the Louisiana Supreme Court after the defendant's application for supervisory writs was denied by this court. The defendant requested review of the trial court's denial of its exception of prescription, and for the following reasons we reverse the trial court's judgment and sustain the defendant's exception.
On April 3, 1994, Rosie Meshell died while a patient at Northgate Hospital, a medical treatment facility located in Sabine Parish, Louisiana, and doing business as Sabine Medical Center. On July 24, 1994, Ms. Meshell's nine children instituted medical malpractice proceedings against Dr. Jack Corley and Northgate Hospital before the Patient Compensation Fund (PCF) Medical Malpractice Review Panel. On August 2, 1994, the plaintiffs received notification from the PCF that Northgate Hospital is not a qualified health care provider, and the PCF would *1252 not consider the claim against the hospital. However, Dr. Corley was a qualified health care provider with the PCF, so the panel convened in 1996 to review the claim against him. On November 20, 1996, the PCF review panel rendered an opinion favorable to Dr. Corley. On January 22, 1997, the plaintiffs filed a medical malpractice suit against Dr. Corley and Northgate Hospital.
Dr. Corley filed a motion for summary judgment which the trial court granted on April 17, 1998. After Dr. Corley's dismissal from the litigation, Northgate Hospital filed a peremptory exception of prescription which the trial court denied on July 23, 1998. The denial of this exception gave rise to Northgate Hospital's application for supervisory review from this court.

OPINION
A suit for medical malpractice against a hospital must be filed within one year from the date of discovery of the act of malpractice. La.R.S. 9:5628. However, when a defendant is a qualified health care provider, "The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification by certified mail, ... to the claimant or his attorney of the issuance of the opinion by the medical review panel,...." La.R.S. 40:1299.47(A)(2)(a). Thus, the suit against Dr. Corley was timely filed. Additionally, "[t]he filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review." Id. In other words, so long as the suit is timely filed as to the qualified defendant, it will be timely filed as to the non-qualified defendant if they are joint or solidary obligors. It is this provision on which the trial court relied in denying the hospital's exception of prescription. Although this specific statute addresses suspension of the prescriptive period, it reflects the general law on this matter set forth in La.Civ. Code art. 2324(C): "Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors."
The sole issue presented for our consideration is to what extent does La.R.S. 40:1299.47(A)(2)(a) affect the law of prescription against an untimely sued defendant when the timely sued joint tortfeasor has been absolved of any liability by summary judgment. That question has already been addressed by the Louisiana Supreme Court, outside the context of a medical malpractice case. According to the supreme court:
The burden of proof is normally on the party pleading prescription; however, if on the face of the petition it appears that prescription has run, ... the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Furthermore, if the plaintiffs basis for claiming interruption of prescription is solidary liability between two or more parties, then the plaintiff bears the burden of proving that solidary relationship. However, even if the plaintiff sustains this burden of proving solidary liability at a pre-trial hearing on prescription, if, after trial on the merits, it turns out that under the facts proven by plaintiff there is no solidary liability because the timely filed defendant is found not liable to plaintiff at all, then the exception [of prescription] should be maintained at that time.
Younger v. Marshall Industries, Inc., 618 So.2d 866, 869 (La.1993) (citations omitted).
Consistent with the analysis set forth in Younger, we hold the same law applies in the context of a medical malpractice case affected by La.R.S. 40:1299.47. Therefore, because Dr. Corley, the defendant considered timely filed under the La.R.S. 40:1299.47, was found not *1253 liable to the plaintiffs in this case, then Northgate Hospital cannot be considered a joint or solidary obligor. Accordingly, the suit was not timely filed as to Northgate Hospital, and its exception of prescription should have been maintained by the trial court.

DISPOSITION
For the foregoing reasons, the judgment of the trial court is reversed, the exception of prescription is maintained, the suit is dismissed, and the costs associated with this appeal are to be taxed against the plaintiffs.
REVERSED AND RENDERED.