NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-1186

DONALD RAY SEAUX, SR., ET UX.

VERSUS

DR. JUAN PAREDES, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2006-2136
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of John D. Saunders, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED.

**Michael W. Adley**
**Marc W. Judice**
**Judice and Adley (A Professional Law Corporation)**
**P. O. Drawer 51769**
**Lafayette, LA 70505-1769**
**(337) 235-2405**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Dr. Robert Theard**

**Jeffery F. Speer**
**Doucet-Speer**
**A Professional Law Corporation**
**P. O. Drawer 4303**
**Lafayette, LA 70502-4303**
**(337) 232-0405**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Donald Ray Seaux, Sr.**
    **Belle Seaux**

**Benjamin Paul Mouton**
**McGlynn, Glisson & Koch**
**P. O. Box 1909**
**Baton Rouge, LA 70821**
**(225) 344-3555**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Donald Ray Seaux, Sr.**
    **Belle Seaux**

**Julian Louis Gibbens, III**
**Attorney at Law**
**P. O. Box 90290**
**Lafayette, LA 705009**
**(337) 235-8815**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Donald Ray Seaux, Sr.**
    **Belle Seaux**

**GREMILLION, Judge.**

Donald Ray Seaux, Sr. and his wife, Belle Seaux, appeal the judgment of the trial court that dismissed their demands against Dr. Robert Theard on an exception of prescription. For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL HISTORY

Mr. Seaux entered Our Lady of Lourdes Regional Medical Center (Lourdes) in Lafayette on July 2, 2002, with complaints of stomach pain and vomiting. He was diagnosed with a gallbladder dysfunction and scheduled for a laparoscopic cholecystectomy to remove the gallbladder. However, his physician, Dr. Juan Paredes, determined that a laparoscopic procedure was not appropriate and performed an open cholecystectomy, which involved incising across a large area of Mr. Seaux's abdomen. The larger incision, of course, resulted in greater post-operative pain, so the anesthesiologist, Dr. Robert Theard, prescribed a patient-controlled analgesic morphine pump (PCA). The hospital order specified that the PCA was to deliver a two-milligram dose. It would "lock out" for six minutes between doses and would only deliver forty milligrams in four hours.

On July 4, 2002, Mr. Seaux was found unresponsive. He was treated with Narcan, which is utilized to reverse opiate effects. The Seauxs maintain that Mr. Seaux sustained injury as a result of the overdose of morphine he received.

Mr. Seaux initiated a medical malpractice claim by filing a complaint with the Patient's Compensation Oversight Board (PCOB) on May 13, 2003. His wife was not included as a party to that complaint. In his initial complaint, Mr. Seaux named only Lourdes. On June 7, 2004, he supplemented and amended his complaint to add Drs. Paredes and Theard. Mr. Seaux alleged that Dr. Theard failed to note that Mr. Seaux indicated in his admission papers that he was allergic

to codeine, which he alleged was of the same opiate family as the morphine he was prescribed.

A medical review panel found that neither Lourdes, Dr. Paredes, nor Dr. Theard breached the applicable standards of care owed to Mr. Seaux. That opinion was rendered on February 15, 2006. The Seauxs filed their petition for damages in which they named as defendants Lourdes, Dr. Paredes, and Dr. Theard in the Fifteenth Judicial District Court on April 28, 2006.

Dr. Paredes filed a motion for summary judgment that the trial court granted in a judgment dated January 3, 2013. Lourdes filed a motion for summary judgment that was granted by the trial court on February 3, 2014.

After Lourdes was dismissed from the suit, Dr. Theard filed an exception of prescription or motion for summary judgment in the alternative. There were two main contentions in the exception/motion: Mrs. Seaux's claim was prescribed because she was never a party to the complaint filed with the PCOB, and Mr. Seaux's claim is prescribed because it was not timely sought against Dr. Theard. The hearing on the exception/motion was held on August 4, 2015. Dr. Theard introduced into evidence the records from Lourdes, including the anesthesia records from Mr. Seaux's chart, which demonstrate that Dr. Theard was clearly the anesthesiologist of record in Mr. Seaux's case from the start; thus, there was no confusion over who was responsible for the prescription of the PCA. The Seauxs argued that it was not until they retained an expert, Dr. Glen Atlas, who opined that Mr. Seaux had been prescribed a larger dose of morphine than he should have, that they discovered Dr. Theard's act, omission, or neglect. That exception was granted by the trial court on August 17, 2015, on the basis that the medical records in the Seaux's possession informed them of Dr. Theard's involvement in the case

2

such that they should have known to pursue their demand against him within one year of that act, omission, or neglect. It is from this judgment that the current appeal was taken.

## ASSIGNMENT OF ERROR

The Seauxs contend that the trial court erred in granting the peremptory exception of prescription.

## ANALYSIS

The prescriptive period in medical malpractice claims is established in La.R.S. 9:5628, which provides a one-year prescriptive period that commences on the date of the alleged act, omission, or neglect, or within one year of the discovery of such act, omission, or neglect. The statute also provides, "[H]owever, even as to claims filed within one year from the date of discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect."

All medical malpractice claims against qualified healthcare providers (QHP), as defined in La.R.S. 40:1231.1, must be submitted to a medical review panel. La.R.S. 40:1231.8. Subsection (A)(2)(a) provides:

> The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until ninety days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the

3

subject of the request for review. Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription. All requests for review of a malpractice claim identifying additional health care providers shall also be filed with the division of administration.

Even if QHPs are not named in the initial request for a medical review panel, that request suspends prescription against them to the same extent as it does for those that are named, if they are joint tortfeasors. *Williams v. Northgate Hosp.*, 98-1477, (La.App. 3 Cir. 5/5/99), 734 So.2d 1251, *writ denied*, 99-1588 (La. 9/17/99), 747 So.2d 565.

*Williams* involved a hospital that was not a QHP and a doctor who was. The plaintiffs requested a medical review panel as to both the hospital and doctor, and were informed by the PCOB that it would not consider the claim against the hospital. Plaintiffs then pursued their claim against the doctor through the panel process, then filed suit against both the hospital and the doctor after the panel's opinion was rendered. The doctor was dismissed from the suit on summary judgment, and the hospital then filed an exception of prescription, arguing that the suspension of prescription against the doctor did not also suspend it against the hospital because the summary judgment that absolved the doctor of liability precluded the possibility that he and the hospital were joint tortfeasors. The trial court denied the hospital's exception, and the hospital sought writs of review. After the Louisiana Supreme Court remanded the case to this court,[1] we held that because the doctor against whom the claim was timely pursued was found to not be liable to plaintiffs, prescription against the hospital had not been suspended.

---

[1] *Williams v. Northgate Hosp.*, 98-2931 (La. 1/15/99), 735 So.2d 644.

4

Thus, because the Seauxs initiated their claim more than a year after the alleged act, omission, or neglect, and because Lourdes is not a joint tortfeasor with Dr. Theard, their claim against him is prescribed unless their claim was brought within one year of their discovery of his act, omission, or neglect. The "discovery" rule in prescription cases focuses on the question of when a claimant should objectively have discovered the act, omission, or neglect through reasonable diligence. *Braud v. Cenac*, 03-1696 (La.App. 3 Cir. 7/14/04), 879 So.2d 896, *writ denied*, 04-2101 (La. 11/15/04), 887 So.2d 484. The trial court ruled that the Seauxs should have known of Dr. Theard's participation in the prescription of the PCA at the time they received the medical records on which Mr. Seaux based his claim against Lourdes.

When evidence is adduced at the hearing of an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. *Arton v. Tedesco*, 14-1281 (La.App. 3 Cir. 4/29/15), 176 So.3d 1124, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043. "The party pleading the exception of prescription bears the burden of proof unless it is apparent on the face of the pleadings that the claim is prescribed, in which case the plaintiff must prove that it is not." *Id.* at 1128.

> [T]he issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *See generally, Cosse v. Allen-Bradley Co.,* 601 So.2d 1349, 1351 (La.1992); *Housley v. Cerise,* 579 So.2d 973 (La.1991); *Sistler v. Liberty Mutual Ins. Co.,* 558 So.2d 1106, 1112 (La.1990). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. *Rosell v. ESCO,* 549 So.2d 840 (La.1989); *Arceneaux v. Domingue,* 365 So.2d 1330 (La.1978). However, where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face,

that a reasonable factfinder would not credit the witness's story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. *Rosell,* 549 So.2d at 844-45. Nonetheless, this Court has emphasized that "the reviewing court must always keep in mind that 'if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'" *Housley v. Cerise,* 579 So.2d 973 (La.1991) (*quoting Sistler v. Liberty Mutual Ins. Co.,* 558 So.2d 1106, 1112 (La.1990)).

*Stobart v. State through Dep't of Transp. & Dev.,* 617 So.2d 880, 882-83 (La.1993).

The record clearly reflects Dr. Theard's participation in the prescribing of the PCA, including the dosage to be given, the dosage intervals, and the maximum four-hour dosage. The records reflecting these facts were available to and in the possession of the Seauxs well before the complaint was filed with the PCOB. Because the initial complaint was filed only against Lourdes, which was not a joint tortfeasor with Dr. Theard, the claim was not pursued against Dr. Theard timely.

The judgment of the trial court is affirmed. All costs of this appeal are taxed to Plaintiffs/Appellants, Donald Ray Seaux, Sr. and Belle Seaux.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.

6